RITA TAAFFE, PROSECUTOR, v. CHARLES L. NEILL, DIRECTOR OF PUBLIC AFFAIRS OF THE TOWN OF WEST ORANGE, NEW JERSEY, AND THE BOARD OF COMMISSIONERS OF THE TOWN OF WEST ORANGE, NEW JERSEY, RESPONDENTS.

Argued October 3, 1944—Decided December 18, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *McCormack & O'Keefe* (*William J. McCormack*).

For the respondents, *Gerald T. Foley.*

The opinion of the court was delivered by

BODINE, J. The Town of West Orange adopted the commission form of government and also the provisions of the Civil Service Act. The prosecutor was until lately employed as a teacher of child hygiene. The respondent Neill was the Director of the Department of Public Affairs.

The situation of which prosecutor complains can be best understood by reference to two letters sent to her by Commissioner Neill in charge of the department in which she was employed. The letters should be read together; the first under date of March 28th, 1944, was as follows: "This is to advise you that position of Teacher of Child Hygiene which is presently held by you in the West Orange Health Department is hereby abolished for reason of economy, pursuant to the provision of *R. S.* 11:22–9. This action is to take effect as of May 1st, 1944." The second, under date of April 25th, 1944, was as follows: "Supplementing my letter to you of March 28th and with the purpose of clarifying the same, this is to notify you that your services will not be required on and after May 1st, 1944. My action in this connection is predicated purely upon reasons of economy. In accordance with *R. S.* 11:22–9, your name will be placed upon a Civil Eligible List which list shall take precedence over all other Civil Service lists and you shall be entitled to a reinstatement at any time after May 1st, 1944, in the same or in a similar position of the same kind as you presently hold as soon as opportunity arises. You will, therefore, consider yourself separated from service as of May 1st, 1944."

There were two nurses in the Child Hygiene Department. Obviously, there was not enough work for both of them to do. We can take notice that the increase in employment and wages has relieved the public burden throughout the country. The specific records in West Orange proved in the case indi-

cate that there were much fewer clinic cases than heretofore. But even if the number of births requiring a call from a member of the Child Hygiene Department be the criterion, as prosecutor contends, there were in the most productive year but 479 births and that number would not cast a serious burden upon two women. An average of one call a day could hardly be rated excessive work when the only duty was to deliver the birth certificates and give a sales talk on the advantages of the child clinic.

It is further most significant that shortly before the prosecutor was separated from her employment she had requested a four months' leave of absence with pay and without a substitute being employed, satisfied that she could do her work on Saturday afternoons and in the evenings. The proofs abundantly show that the action complained of was in the interest of economy.

There was a great deal of testimony to indicate that the action taken was of political origin, but in the light of the plain showing of good reason the charges of political purpose seem not sustained.

Lastly, it is argued that the head of a department in the interest of economy had no right to separate a person from her employment, when she was employed by ordinance, save by passage of another ordinance. We do not decide the merits of this contention because prosecutor was not employed by ordinance. An ordinance creating a position and naming an incumbent is not like an ordinance adopting merely a civil service salary schedule for certain existing positions.

In the public interest, we think an over-staffed department should be reduced in size. The purpose of the Commission Government Act was to create responsible heads of departments who could act quickly in the public interest and this, we think, Commissioner Neill did.

Other arguments have been considered but require no further discussion.

The writ will be dismissed, but without costs.